IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| PAMELA HOLDEN<br>3315 Dudley Ave.<br>Baltimore, MD 21213 | *<br><br>* | |
| and | * | |
| APRIL WRIGHT<br>9733 Bird River Rd.<br>Middle River, MD 21220 | *<br><br>* | Civil Action No. |
| Plaintiffs, on behalf of themselves<br>and others similarly situated, | *<br><br>* | |
| v. | * | |
| BWELL HEALTHCARE, INC.<br>5400 Old Court Road, # 205<br>Randallstown, MD 21133 | *<br><br>* | |
| **Serve On:**<br>FEMMY A KUTI<br>270 Brock Bridge Rd.<br>Laurel, MD 20724 | *<br><br>* | |
| FEMMY KUTI<br>270 Brock Bridge Rd.<br>Laurel, MD 20724 | *<br><br>* | |
| and | * | |
| SUNLOLA KUTI<br>270 Brock Bridge Rd.<br>Laurel, MD 20724 | *<br><br>* | |
| Defendants. | * | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated, by and through undersigned counsel, allege as follows:

## Introduction

1. Plaintiffs Pamela Holden ("Ms. Holden") and April Wright ("Ms. Wright") (collectively, "Plaintiffs") are current and former employees of Bwell Healthcare, Inc. and its owners, Femmy Kuti and Sunlola Kuti (collectively, "Defendants"). Plaintiffs worked as home care aides for Defendants' for-profit home care agency, which also employed approximately 100 other home care aides at a time. Plaintiffs bring this civil action for relief stemming from Defendants' willful refusal to pay their wages, including overtime and travel-time wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq*. Plaintiffs seek their unpaid wages, damages, and attorneys' fees and costs pursuant to the FLSA, the MWHL, and the MWPCL.

2. Plaintiffs bring this action as a collective action under the FLSA, 29 U.S.C. §§ 207 & 216(b) on behalf of themselves and other similarly situated current and former employees of Defendants who were subject to Defendants' schemes to violate the FLSA.

3. Plaintiffs also bring this action as a class action under the MWHL and the MWPCL on behalf of themselves and two classes of similarly situated current and former employees of Defendants who (i) were denied the legally required overtime rate for hours worked beyond 40 in a given week, including but not limited to overtime hours arising from compensable unpaid travel time, in violation of both statutes, and (ii) were denied any compensation for work time spent traveling between Defendants' clients' homes in a single workday but who did not work 40 hours in a given week including unpaid travel time, in violation of the MWPCL only.

4. Plaintiffs seek unpaid wages, damages, and attorneys' fees and costs on behalf of themselves, the collective class they seek to represent with respect to their FLSA claims, and the classes they seek to represent with respect to their claims under the MWHL and MWPCL.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. This Court has supplemental jurisdiction over the state law claims because they are so related to Plaintiffs' federal FLSA claims that they form part of the same case or controversy under Article III, Section 2 of the United States Constitution.

7. This Court has personal jurisdiction over Defendants because Defendants conduct business in the District of Maryland.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## Parties

9. Plaintiff Pamela Holden is a Maryland resident. She has been employed by Defendants since approximately 2010 to provide home care services to Defendants' clients.

10. Plaintiff April Wright is a Maryland resident. She was employed by Defendants from approximately 2015 through approximately February 2017 to provide home care services to Defendants' clients.

11. As required by the FLSA, 29 U.S.C. § 216(b), each Plaintiff has given her written consent to become a party to this action, and each Plaintiff's consent form has been filed with this Court. *See* Exs. 1, 2. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

12. During the time period relevant to this complaint, other similarly situated individuals were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(g); Md. Code Ann., Lab. & Empl., § 3-101(c); the MWHL, *id.* § 3-401(b); and the MWPCL, *id.* § 3-501(b).

13. Bwell Healthcare, Inc. ("Bwell") is a for-profit Maryland corporation with its principal place of business in Maryland. At all times relevant to this action, Bwell has been a business dedicated to the provision of domestic service, as that term is defined by the FLSA. Bwell was Plaintiffs' and similarly situated individuals' employer within the meaning of the FLSA, 29 U.S.C. § 203(g); Md. Code Ann., Lab. & Empl., § 3-101(c); the MWHL, *id.* § 3-401(b); and the MWPCL, *id.* § 3-501(b).

14. At all relevant times, Defendant Femmy Kuti ("F. Kuti") has been one of Bwell's owners and has shared control over its daily operations with his wife, Sunlola Kuti. At all relevant times, F. Kuti has had the power to hire and fire employees, has determined policies concerning employee wage rates and payment methods, has controlled employee work schedules, and has maintained employees' work records. F. Kuti is Plaintiffs' and similarly situated individuals' employer within the meaning of the FLSA, 29 U.S.C. § 203(g); Md. Code Ann., Lab. & Empl., § 3-101(c); the MWHL, *id.* § 3-401(b); and the MWPCL, *id.* § 3-501(b).

15. At all relevant times, Defendant Sunlola Kuti ("S. Kuti") has been one of Bwell's owners and has shared control over its daily operations with her husband, F. Kuti. At all relevant times, S. Kuti has had the power to hire and fire employees, has determined policies concerning employee wage rates and payment methods, has controlled employee work schedules, and has maintained employees' work records. S. Kuti is Plaintiffs' and similarly situated individuals' employer within the meaning of the FLSA, 29 U.S.C. § 203(g); Md. Code Ann., Lab. & Empl., § 3-101(c); the MWHL, *id.* § 3-401(b); and the MWPCL, *id.* § 3-501(b).

**General Factual Allegations**

16. F. Kuti and S. Kuti incorporated Bwell Healthcare, Inc. in 2009 and are its sole owners and managers. S. Kuti's title is "Program Director / Director of Nurses" and F. Kuti's is "Operations Manager." Together they control Bwell's operations, determine Bwell's pay policies and practices, and set their employees' terms and conditions of employment. Though they sometimes delegated employment interviews to lower-level staff, they had the power to hire and fire Plaintiffs, and did in fact set their hourly wage rates, control their work schedules, and monitor the hours they worked by requiring that they "clock in" and "clock out" of their shifts using a telephone system.

17. Defendants, as employers and/or joint employers, employed Plaintiffs and similarly situated employees to work as home care aides in clients' homes. Defendants had approximately 100 employees at any one time and, on information and belief, had a high rate of employee turnover.

18. The work performed by Plaintiffs and similarly situated employees includes assisting clients with toileting, bathing, mobility, cleaning, food preparation, and general housekeeping, and accompanying clients to medical and other appointments.

19. Pursuant to the pay policies that F. Kuti and S. Kuti set, Defendants paid Plaintiffs $11 per hour.

20. Defendants controlled Plaintiffs' work assignments and often assigned Plaintiffs back-to-back shifts at different clients' homes in a single workday, such that Plaintiffs had to travel directly from one client's home to the next.

21. Defendants did not pay Plaintiffs for time they spent traveling between Defendants' clients' homes in a single workday, despite the fact that such travel time is compensable work

under state and federal law.  Instead, they compensated them only for time they spent in clients' homes.

22. Ms. Holden frequently worked more than 40 hours per week, and often worked more than 50 hours per week.  As one example, her paystubs for the period beginning on December 20, 2018, and ending on January 2, 2019, show that even excluding compensable travel time, she worked 105 hours during that two-week pay period.  As another example, her paystub for the period beginning on January 3, 2019, and ending on January 16, 2019, shows that even excluding compensable travel time, she worked 99.5 hours during that two-week pay period.

23. Ms. Wright frequently worked more than 40 hours per week, and regularly worked more than 50 hours per week, not including the compensable time she spent travelling directly from one client's home to another client's home.  For a significant portion of her employment with Defendants, Ms. Wright worked approximately 35 hours per week at the home of one client, approximately 25 hours at the home of another client, and had additional clients that added to her weekly hours worked.

24. Ms. Wright also worked 32 hours per week for one client for three weeks that Defendants refused to compensate her for, later telling her that the state did not pay Bwell so Bwell could not pay her.

25. Defendants did not pay Plaintiffs an overtime rate of 1.5 times their regular hourly rate for hours worked beyond 40 in a given workweek, and instead paid them only their straight-time hourly rate of $11 for those hours, despite the fact that they were entitled to an overtime rate for such hours under state and federal law.

26. Defendants misclassified Plaintiffs as independent contractors and did not make employment-related withholdings from their pay.

27. Defendants' unlawful failure and/or refusal to pay all wages due and owing, including overtime and travel-time wages, was willful, in that Defendants knew or showed careless disregard for whether their actions violated the law.

28. Pursuant to the FLSA, 29 C.F.R. § 516, and the MWHL, Md. Code Ann., Lab. & Empl. § 3-424, Defendants had an obligation to maintain employment records for Plaintiffs and similarly situated employees. Defendants maintained records only of time Plaintiffs and similarly situated employees spent working in clients' homes. These records should also include employees' first and last compensable acts and thus the complete work day, including travel time. A preliminary estimate of the number of hours worked by Plaintiffs and those similarly situated will be known more precisely through discovery of these records.

29. Defendants applied, and continue to apply, these same practices with other similarly situated employees.

## Collective Action Allegations Under the FLSA

30. Plaintiffs repeat and incorporate by reference all the allegations set forth above.

31. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over 40 in a workweek.

32. All domestic-service workers employed by third-party agencies or employers, including Plaintiffs, are entitled to overtime compensation at an hourly rate of 1.5 times the employee's regular rate of pay for hours worked over 40 in a workweek.

33. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

34. Plaintiffs and similarly situated employees were victims of a common scheme by Defendants to violate the FLSA.

35. Defendants' scheme included violating the FLSA's overtime requirements through their practice or policy of failing and/or refusing to pay employees the FLSA-mandated overtime rate for overtime hours. Defendants' scheme also relied on their practice or policy of failing and/or refusing to pay wages for compensable time employees spent traveling between clients' homes in a single workday as required by the FLSA, and misclassifying employees as independent contractors.

36. Plaintiffs seek collective action status on behalf of all individuals employed by Defendants, at any time during the period beginning March 12, 2016, through the date of judgment in this action, who did not receive overtime compensation due for hours worked in excess of 40 per week ("the FLSA Class").

37. Members of the FLSA Class were all similarly subject to Defendants' common practice and policy of failing or refusing to pay overtime, which manifested itself through Defendants' policy of misclassifying home care aides, failing to pay for compensable time spent traveling between clients' homes in a single workday, and failing to pay 1.5 times the regular hourly rate for hours worked in excess of 40 in a workweek.

38. These similarly situated employees are known only to Defendants, are readily identifiable, and may be located through Defendants' records. They may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

**Class Action Allegations Under the MWHL and MWPCL**

39. Plaintiffs repeat and incorporate by reference all the allegations set forth above.

40. Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), Plaintiffs bring Counts II and III of this action individually and on behalf of two classes comprising all individuals employed by Defendants, at any time since three years prior to the filing of this complaint, who worked as home care aides and (i) were denied the legally required overtime rate for hours worked beyond 40 in a given week, including but not limited to overtime hours arising from compensable unpaid travel time ("the Rule 23 Overtime Class"), and (ii) were denied any compensation for work time spent traveling between Defendants' clients' homes in a single workday but who did not work 40 hours in a given week including unpaid travel time ("the Rule 23 Travel Time Class") (together, "the Rule 23 Classes").

41. The individuals in the Rule 23 Classes are so numerous that joinder of all members of this proposed class is impracticable. While the precise number of class members has not been determined at this time, Defendants, on information and belief, have employed more than 200 individuals as home care aides during the applicable statute of limitations period. Plaintiffs and the proposed Rule 23 Classes have been equally affected by Defendants' violations of the law.

42. There are questions of law and fact common to the proposed Rule 23 Classes that predominate over questions solely affecting individual members of this proposed class, including but not limited to the following:

    a. Whether Defendants maintained policies or practices of denying their employees overtime time wages;

    b. Whether Defendants maintained policies or practices of denying their employees travel time wages;

9

    c. Whether Defendants violated Maryland law for failure to pay all overtime wages due and owing;

    d. Whether Defendants' practice of failing to pay travel time violated the MWPCL;

    e. The proper measure and calculation of damages;

    f. Whether Defendants acted in good faith and with a reasonable belief that the wages paid were not less than those required; and

    g. Whether Defendants' failure to pay their employees all wages due was the result of a bona fide dispute.

43. Plaintiffs' claims are typical of those of the members of the Rule 23 Classes. Plaintiffs, like other members of the proposed Rule 23 Classes, were subject to Defendants' policies and practices with respect to overtime, travel time, and employee classification, as described in this complaint. More specifically, both Plaintiffs worked more than 40 hours per week and were denied their earned overtime wages as detailed in paragraphs 22, 23, and 25, *inter alia*, in violation of the MWHL and MWPCL. Similarly, both Plaintiffs were denied compensable travel time in weeks when they did not work more than 40 hours, as detailed in paragraphs 20 and 21, *inter alia*. Further, Plaintiffs' job duties are typical of the Rule 23 Classes, as all class members are or were home care aides.

44. Plaintiffs will fairly and adequately protect the interest of the proposed Rule 23 Classes and have retained counsel experienced in complex wage and hour class and collective action litigation.

45. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members. A class action is superior to other methods to ensure a fair and efficient adjudication

of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.  Further, Plaintiffs believe that Defendants had a high rate of employee turnover and some individual claim amounts may be relatively low such that individuals are unlikely to prosecute meritorious claims.  Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices.  There do not appear to be any difficulties in managing this class action.

46. Plaintiffs intend to send notice to all members of the proposed Rule 23 Classes to the extent required by Fed. R. Civ. P. 23.

## COUNT I
## FAIR LABOR STANDARDS ACT
### (Individual and Collective Actions for Denial of Overtime Wages)

47. Plaintiffs repeat and incorporate by reference all the allegations set forth above.

48. Defendants failed to pay Plaintiffs and the FLSA Class overtime wages in violation of 29 U.S.C. § 207, including but not limited to overtime wages resulting in part from compensable travel time.

49. Defendants' violations of the FLSA were willful, as that term is used in 29 U.S.C. § 255(a).  Defendants knew their violations were unlawful, or showed reckless disregard for whether their conduct was prohibited.

50. Defendants' violations were not the result of a good-faith, reasonable error.

51. Defendants are liable to Plaintiffs and the FLSA Class under 29 U.S.C. § 216(b) for their unpaid overtime wages, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the Court.

## COUNT II
### MARYLAND WAGE AND HOUR LAW
**(Individual and Class Actions for Denial of Overtime Wages)**

52. Plaintiffs repeat and incorporate by reference all the allegations set forth above.

53. Defendants unlawfully failed or refused to pay the overtime wages of Plaintiffs and members of the Rule 23 Overtime Class in violation of Md. Code Ann., Lab. & Empl. §§ 3-415(a) & 3-420, including but not limited to overtime wages resulting in part from compensable travel time.

54. Defendants did not act in good faith and with a reasonable belief that the wages paid to Plaintiffs and members of the Rule 23 Overtime Class were not less than the wages required under the MWHL.

55. Defendants are liable to Plaintiffs and members of the Rule 23 Overtime Class pursuant to §§ 3-427(a) and (d) of the MWHL for their unpaid overtime wages, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the Court.

## COUNT III
### MARYLAND WAGE PAYMENT AND COLLECTION LAW
**(Individual and Class Actions for Denial of Overtime and Travel-Time Wages)**

56. Plaintiffs repeat and incorporate by reference all the allegations set forth above.

57. Defendants failed and/or refused to timely pay Plaintiffs and members of the Rule 23 Classes all wages due, including overtime and travel-time wages, on their regular paydays in violation of Md. Code Ann., Lab. & Empl. §§ 3-502 and 3-505(a).

58. Defendants failed and/or refused to pay Plaintiffs and members of the Rule 23 Classes all wages due for work performed prior to the termination of their employment, on or

before the day they would have been paid had their employment not terminated, as required by Md. Code Ann., Lab. & Empl. § 3-505(a).

59. Defendants' unlawful failure or refusal to timely pay Plaintiffs and members of the Rule 23 Classes all their earned wages was not in good faith, was not reasonable, did not result from a legitimate dispute over the validity of their claims or the amounts they were owed, and was not otherwise the result of a bona fide dispute.

60. Pursuant to Md. Code Ann., Lab. & Empl. § 3-507.2, Plaintiffs and members of the Rule 23 Classes seek their unpaid wages, an additional award of double damages, interest, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court grant them the following relief:

a) Certify this action as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b);

b) Certify this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Rule 23 Classes, and appoint Plaintiffs as class representatives and their counsel as class counsel;

c) Find that Defendants' actions were willful, not in good faith, not reasonable, and not the result of a bona fide dispute;

d) Grant judgment against Defendants, jointly and severally, and in favor of Plaintiffs and each member of the FLSA Class, in the amount of Plaintiffs' and each FLSA Class member's respective unpaid overtime wages, plus an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

  e)  Grant judgment against Defendants, jointly and severally, and in favor of Plaintiffs and members of the Rule 23 Classes in the amount of their unpaid overtime wages, plus liquidated damages, pursuant to the MWHL, Md. Code Ann., Lab. & Empl. §§ 3-427(a) and (d);

  f)  Grant judgment against Defendants, jointly and severally, and in favor of Plaintiffs and members of the Rule 23 Classes in the amount of their unpaid wages, including overtime wages and travel-time wages, plus double damages pursuant to the MWPCL, Md. Code Ann., Lab. & Empl. § 3-507.2;

  g)  Award Plaintiffs and the FLSA Class pre- and post-judgment interest on all amounts owed as allowed by law;

  h)  Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216(b), Md. Code. Ann., Lab. & Empl. § 3-427(d); and Md. Code Ann., Lab. & Empl. § 3-507.2; and

  i)  Grant such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs request trial by jury.

Respectfully submitted on this 12th day of March 2019 by:

       /s/
      David Rodwin (Fed. Bar No. 18615)
      Sally Dworak-Fisher (Fed. Bar No. 27321)
      THE PUBLIC JUSTICE CENTER
      One North Charles Street, Suite 200
      Baltimore, MD 21201
      Tel: (410) 625-9409
      Fax: (410) 625-9423
      rodwind@publicjustice.org

dworak-fishers@publicjustice.org

*Attorneys for Plaintiffs*