# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **PAMELA HOLDEN,** *et al.* | * |
| **Plaintiffs, on behalf of themselves and others similarly situated,** | * |
| v. | *   Civil Case No. SAG-19-760 |
| **BWELL HEALTHCARE, INC.,** *et al.,* | * |
| **Defendants.** | * |

## MEMORANDUM OPINION

Plaintiffs Pamela Holden, April Wright, and Stephanie Williams (collectively "Plaintiffs") filed this action against Defendants Bwell Healthcare, Inc. ("Bwell"), Femmy A. Kuti, and Sunlola Kuti (collectively "Defendants"), alleging underpayment of wages and overtime pay. Currently pending are two motions: (1) ECF 32, a "Motion to Strike Answer to Amended Complaint by Bwell Healthcare, Inc. and Femmy A. Kuti, To Extend the Time within Which to File Required Pleading Pursuant to Rule 12(b) Prior to Filing Responsive Pleadings to the Amended Compliant [sic], Extend the Time to File Answers to the Amended Complaint and to Extend the Time Within Which to File Response in Opposition to Motion for Conditional Certification of FLSA Collective Action" ("the Motion to Strike") filed by Defendants, and (2) ECF 5, a "Motion for Conditional Collective Action Certification and Court Facilitated Notice ("Motion for Conditional Certification") filed by Plaintiffs. I have reviewed those motions, along with Plaintiffs' Opposition to the Motion to Strike, ECF 33, and Defendants' Reply, ECF 34. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, Defendants' Motion to Strike will be denied in its entirety, although Defendants will be afforded an opportunity to file an answer to the Amended Complaint, and Plaintiff's Motion for Conditional Certification will be granted.

I.       **PROCEDURAL BACKGROUND**

In this lawsuit, home care aides currently or formerly employed by Bwell seek relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.*, and similar state statutes. ECF 14. The original Complaint was filed on March 12, 2019, and served on the Defendants on March 17, 2019. ECF 1, 3. Defendants did not file an answer or other responsive document in this Court. On May 3, 2019, United States District Judge Ellen Hollander ordered Plaintiffs to file a Motion for Clerk's Entry of Default, or to show cause why default would be inappropriate. ECF 4. In response, on May 10, 2019, Plaintiffs filed the pending Motion for Conditional Certification of an FLSA Collective Action, ECF 5, and a notice that they did not believe default to be appropriate, because Defendants had made informal contact with Plaintiffs' counsel, and because the FLSA collective action had not yet been addressed, ECF 6.

On June 26, 2019, Plaintiffs filed an opt-in form for a new plaintiff, Bernetta Gaines. ECF 7. During the next pay period, Defendants terminated Ms. Gaines, along with the other plaintiff who still worked for Bwell, Ms. Holden, and Ms. Holden's sister, Ms. Williams. *See* ECF 14. Although Ms. Gaines filed a notice of voluntary dismissal of the lawsuit on July 11, 2019, ECF 8, the remaining Plaintiffs, along with Ms. Williams, filed a Motion for Leave to File an Amended Complaint on July 11, 2019, seeking to add Ms. Williams as a Plaintiff and to add retaliation claims. ECF 9. That motion was granted on July 15, 2019. ECF 14.

On July 12, 2019, Plaintiffs filed an emergency motion for a temporary restraining order and preliminary injunction, seeking to enjoin the retaliatory termination of Ms. Holden and Ms. Williams. ECF 11. Following a July 15, 2019 hearing, at which Defendant Femmy Kuti appeared without counsel and the other Defendants did not appear, Judge Hollander granted the Temporary Restraining Order. ECF 18, 25. During that hearing, Judge Hollander admonished Femmy Kuti,

on the record, about the need to retain counsel to represent Bwell. ECF 25 at 2-3. Mr. Kuti represented that counsel would be entering an appearance in the near future. *Id.*

On August 15, 2019, Mr. Kuti, still without counsel, filed a letter that was docketed as his "Answer" to the Amended Complaint. ECF 21. On August 20, 2019, Judge Hollander held a preliminary injunction hearing, and issued an order on August 23, 2019, granting the preliminary injunction Plaintiffs requested. ECF 24. Once again, Mr. Kuti appeared at the August 20, 2019 hearing without counsel, and Mrs. Kuti did not appear. ECF 26.

On October 8, 2019, this Court entered an Order setting a deadline of November 8, 2019 for Bwell to obtain counsel, or to face default judgment. ECF 27. On November 8, 2019, Defendants' current counsel entered an appearance on behalf of all Defendants. ECF 30. Counsel then filed the pending motion, seeking to strike the pro se "Answer" that Femmy Kuti had filed on August 15, 2019, and seeking an opportunity to file a Motion to Dismiss the Amended Complaint, and an opposition to the Motion for Conditional Certification. ECF 32, 5, 14.

II. **MOTION TO STRIKE**

Defendants seek to "strike" the August 15, 2019 document filed as an "Answer" by Mr. Kuti. ECF 21. A review of the document indicates that it is a letter from Mr. Kuti to Judge Hollander, addressing the merits of Plaintiffs' allegations. Although the document was docketed as an "Answer," Plaintiffs "do not object to the recategorization of F. Kuti's Answer as 'correspondence' so that the three Defendants may file a proper answer and a scheduling order may be entered." ECF 33 at 1. Accordingly, this Court will direct the Clerk to make the necessary docket entries to recategorize the August 15, 2019 document as "correspondence," without striking it from the record.

Defendants also seek a belated motion for extension of time to file a motion to dismiss the Amended Complaint, and to file an opposition to the Motion for Class Certification. ECF 32 at 3-5. Fed. R. Civ. P. 6(b) permits a party to file a motion to extend time after the deadline has expired "if the party failed to act because of excusable neglect." "'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.,* 76 F.3d 530, 534 (4th Cir. 1996). Moreover, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Id.* at 533.

Four factors govern whether neglect is excusable: (1) the danger of prejudice to the non-movant, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The reason for the delay is viewed as the most important factor. *Thompson*, 76 F.3d at 534.

Applying those factors in this case, the factors weight heavily in favor of the non-moving Plaintiffs. First, there is significant danger of prejudice to Plaintiffs from the additional delay that would result from "turning back the clock" to permit responses to be filed months after they were due. This is not a case in which the prejudice is merely a delay. *See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (4th Cir. 2010) (stating "delay in and of itself" typically does not constitute prejudice to the non-moving party). Rather, Plaintiffs seek conditional certification of an FLSA collective, and some potential opt-in plaintiffs may face limitations issues with their claims, which will be exacerbated by additional delays if further briefing is permitted. Second, the length of delay and its potential impact on judicial proceedings weighs in favor of Plaintiffs for the same reason. Already, the motion seeking conditional certification has been pending nearly seven months, and additional motions practice would

inevitably delay disposition for months more, which could impact the ability of opt-in plaintiffs to bring their claims at all.

The third and most important factor, the reason for the delay, similarly does not favor Defendants. *See, e.g.*, *Peche v. Keller*, 2012 WL 2128095, at *3 (M.D.N.C. June 12, 2012) (finding third factor weighed in favor of excusable neglect where the defendant's counsel had been medically incapacitated). Defendants now contend that the delay resulted from Femmy Kuti's attempt to act *pro se,* due to an inability to afford legal counsel. ECF 34 at 2. However, Femmy Kuti's actions undermine his current contentions. Mr. Kuti told Judge Hollander, during the hearing on July 15, 2019, that he had consulted with multiple attorneys and was retaining counsel. ECF 33-1 at 2-3. At the preliminary injunction hearing, on August 20, 2019, Mr. Kuti made comments suggesting he was making a calculated decision not to retain an attorney. *See* ECF 26 at 5:13-14 ("This is a nuisance suit. Okay? It is not worth that money."). Once this court set a firm deadline for counsel to be retained, counsel entered an appearance, albeit on the day of the final deadline.

Finally, the facts of this case do not suggest that Defendants have acted in good faith. Mrs. Kuti did not appear in court at either hearing. Defendants' resistance to obtaining counsel and their decision to terminate employees associated with the lawsuit evidenced a disdain for the proceedings, and do not comport with their current contention that they simply lacked the financial resources and legal know-how to respond to the litigation in a timely fashion.

Accordingly, Defendants have not established that this is an extraordinary case warranting a finding of excusable neglect, and their belated motions to extend time will be denied.[1] Although,

---

[1] Although prejudice to the *moving* party is not one of the factors to be weighed in determining excusable neglect, Defendants contend that they would be prejudiced if they are not allowed to file a Rule 12(b)(6) motion, because the claims against the Kutis would be subject to dismissal as an

as noted above, Defendants will be permitted to file an Answer to the Amended Complaint, this Court will not entertain an untimely Rule 12(b)(6) motion.

III. **MOTION FOR CONDITIONAL CERTIFICATION**

The FLSA permits plaintiffs to maintain a collective action against their employer. *See* 29 U.S.C. § 216(b). Specifically, that subsection provides, in relevant part:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.*[2] Essentially, then, Section 216(b) "establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F.Supp.2d 762, 771 (D. Md. 2008).

"Determinations of the appropriateness of conditional collective action certification and court-facilitated notice are left to the court's discretion." *Syrja v. Westat, Inc.,* 756 F.Supp. 2d 682, 686 (D. Md. 2010). Typically, there are two stages to the certification of a FLSA collective action: (1) the conditional certification/notice stage and (2) the decertification stage. *See Butler v. DirectSAT USA, LLC,* 876 F.Supp. 2d 560, 566 (D. Md. 2012). In the first stage, which is the one

---

improper attempt to "pierce the corporate veil" or to invoke the doctrine of "joint employer." ECF 32 at 3-4; ECF 34 at 8-13. Those arguments misapprehend the basis for the claims against the Kutis, which is that as sole owners of Bwell, they are "employers" as defined by the FLSA and the Maryland wage payment statutes. *See, e.g., Macsherry v. Sparrows Point, LLC,* No. ELH-15-0022, 2015 WL 6460261, at *6 (D. Md. Oct. 23, 2015) (noting that "the insulation from personal liability that generally derives from the corporate structure" does not apply in wage payment cases, because those statutes contain their own definition of "employer").

[2] For the reasons explained in the preceding section, this Court will not exercise its discretion to extend the time for Defendants to respond to the Motion for Conditional Certification. As explained in the next section, Defendants will, nonetheless, have the opportunity to decertify the class.

presented here, "the court makes a threshold determination of whether the plaintiffs have demonstrated that potential class members are similarly situated, such that court-facilitated notice to putative class members would be appropriate." *Id.* (citation omitted). To permit a finding that potential class members are similarly situated, plaintiffs "need only make a relatively modest factual showing" at the notice stage. *Id.*; *see also Calderon v. Geico General Ins. Co.,* Civil No. RWT-10-1958, 2011 WL 98197, at *3 (D. Md. Jan. 12, 2011) ("Because the court has minimal evidence [at this stage], this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class.") (internal citations omitted). Plaintiffs can make their modest factual showing by relying on "'[a]ffidavits or other means,' such as declarations and deposition testimony." *Butler,* 876 F.Supp.2d at 567 (quoting *Williams v. Long*, 585 F. Supp. 2d 679, 684-85 (D. Md. 2008)).

In this case, Plaintiffs have made the required factual showing by submitting: (1) the March 21, 2019 letter from Mr. Kuti, in which he states "Bwell Healthcare, Inc. does not pay overtime to any direct care provider servicing any assignment in state community programs," ECF 5-7 at 3; (2) a Declaration from Pamela Holden, in which she declares that she was "never paid overtime," that she has been told by Bwell's secretary that Bwell does not "pay overtime to anyone" and that "many other home care aides" have told her that they do not get paid overtime, ECF 5-8 ¶¶ 4, 5, 7, 8; and (3) a Declaration from April Wright, in which she declares that she was not paid overtime despite working more than 40 hours per week. ECF 5-9 ¶¶ 4, 5. In total, this showing meets the lenient standard required, and justifies conditional certification of a representative class as defined in the accompanying Order. This Court notes that the narrowly defined class addresses some of the concerns raised by Defendants in their motion. For example, Defendants assert that few

employees worked more than 40 hours in a week. ECF 34 at 4. However, the class, as defined, consists only of home care aides who exceeded that threshold.[3]

Conditional certification, as noted above, does not end the inquiry. Defendants will have the opportunity, following notice and discovery, to decertify the class. "In the second stage, following the conclusion of discovery, the court engages in a more stringent inquiry to determine whether the plaintiff class is [in fact] similarly situated in accordance with the requirements of § 216, and renders a final decision regarding the propriety of proceeding as a collective action." *Syrja,* 756 F.Supp. 2d at 686 (internal quotations and citations omitted). Defendants, through counsel, will be able to contest certification at that stage.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Strike will be DENIED, and Plaintiffs' Motion for Conditional Certification will be GRANTED. A separate Order follows.

Dated: December 6, 2019 /s/
Stephanie A. Gallagher
United States District Judge

---

[3] Because Plaintiffs' Motion for Conditional Certification was filed seven months ago, the proposed Notice requires some updating. The accompanying Order sets forth a procedure for final approval of a Notice and Opt-In Form.