# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| **PAMELA HOLDEN,** *et al.*, | * | |
| Plaintiffs, on behalf of Themselves and others similarly situated, | * | |
| v. | * | Civil Case No. SAG-19-760 |
| **BWELL HEALTHCARE INC.,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiffs Pamela Holden, April Wright, and Stephanie Williams (collectively "Plaintiffs") filed this putative class and collective action lawsuit against Bwell Healthcare, Inc. ("Bwell"), and its owners, Femmy Kuti and Sunlola Kuti (collectively, "Defendants"), alleging violations of state and federal wage payment laws during their employment as home health aides. ECF 14 (Amended Complaint). Currently pending is Plaintiffs' Motion to Dismiss Counterclaims and Strike Affirmative Defenses, with its supporting Memorandum of Law (collectively, "the Motion"), ECF 43, 43-1. Bwell filed an Opposition, ECF 44, and Plaintiffs filed a Reply, ECF 47. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Plaintiffs' Motion will be granted.

## I.    FACTUAL BACKGROUND

The first Complaint in this case was filed on March 12, 2019. ECF 1. At that time, Defendants did not answer the Complaint, or file any other document in response. On May 10, 2019, Plaintiffs moved for conditional certification of their collective action. ECF 5. On July 12, 2019, following Defendants' termination of two of the now-Plaintiffs, Plaintiffs filed an

emergency motion for a temporary restraining order. ECF 11. This Court held a hearing on July 15, 2019, and subsequently granted the temporary restraining order, later converting it to a preliminary injunction. ECF 18, 20, 24. During the first hearing related to the temporary restraining order, in July, 2019, Defendant Femmy Kuti appeared *pro se*, but informed the Court that he would be hiring counsel promptly. *See, e.g.*, ECF 25 at 2-3.

On that same day, July 15, 2019, the Court granted Plaintiffs' Motion for Leave to an Amended Complaint. ECF 13, 14. As relevant here, Plaintiffs allege that they were employed by Defendants as home health nurses, but that Defendants failed to pay them overtime, travel compensation, and at times, wages for some pay periods altogether. ECF 14, ¶¶ 18-31. Plaintiffs also allege, as previously alluded to, that Defendants terminated them with retaliatory intent in July, 2019, three months after Plaintiffs filed the instant Complaint. *Id.* ¶¶ 32-42. Plaintiffs seek monetary damages, liquidated damages, and reasonable attorneys' fees and costs under the Fair Labor Standards Act (FLSA), Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"), both individually and on behalf of those similarly situated to them. *Id.* ¶¶ 43-80.

Four months later, on November 8, 2019, present counsel entered an appearance on behalf of Defendants. ECF 30. On November 13, 2019, Defendants filed a motion entitled, "Motion to Strike Answer to Amended Complaint by Bwell Healthcare, Inc. and Femmy A. Kuti, To Extend the Time within Which to File Required Pleading Pursuant to Rule 12(b) Prior to Filing Responsive Pleadings to the Amended Compliant [sic], Extend the Time to File Answers to the Amended Complaint and to Extend the Time Within Which to File Response in Opposition to Motion for Conditional Certification of FLSA Collective Action." ECF 32. On December 6, 2019, the Court denied Defendants' motion, but permitted them "to file an Answer

to the Amended Complaint on or before December 20, 2019." ECF 35.[1]  On December 18, 2019, Defendants filed an Answer, which included six affirmative defenses asserted by all Defendants, and four counterclaims lodged by Defendant Bwell.  ECF 39.  In the instant Motion, Plaintiffs seek dismissal of Bwell's counterclaims, and ask that the six affirmative defenses be stricken.  ECF 43.

## II. ANALYSIS

### A. Bwell's State Law Counterclaims

As noted above, Defendants' Answer includes four state law counterclaims by Bwell: two claims for tortious interference with contractual relations, and two claims for breach of contract.  ECF 39 at 12-14.  The counterclaims allege that Plaintiffs persuaded specific Bwell clients to terminate their services with Bwell, and transfer their care to the new home care agencies employing Plaintiffs.  *Id.* at 9-12.

Plaintiffs correctly note that Bwell's counterclaims are untimely filed. Federal Rule of Civil Procedure 12(a)(1)(A)(i) requires that an answer, which would contain counterclaims, be filed "within 21 days after being served with the summons or complaint."  In this case, that date would have been April 8, 2019.  When counsel entered his appearance and sought leave to make certain filings in November, 2019, he made no mention of an intent to file counterclaims.  ECF 32.  Moreover, most of Defendants' motion for leave was denied; Defendants were only afforded very limited leave to file a belated answer, in order to permit the case to proceed forward.  *See* ECF 35 at 5-6.  Defendants did not seek, and the Court did not grant, an extension of the long-expired deadline to file counterclaims.  *See id.*

---

[1] On October 10, 2019, Femmy Kuti, while proceeding *pro se*, filed a document that was initially docketed as an Answer, but is now docketed as a "Correspondence."  *See* ECF 28.

However, even had Bwell's counterclaims been filed timely, this Court would lack subject matter jurisdiction to adjudicate them. Neither federal question nor diversity jurisdiction exists over the state law counterclaims, as the parties lack complete diversity. Accordingly, this Court can only exercise jurisdiction over Bwell's counterclaims if the counterclaims are compulsory, pursuant to Federal Rule of Civil Procedure 13(a), as opposed to permissive, pursuant to Rule 13(b). *See Painter v. Harvey,* 863 F.2d 329, 331 (4th Cir. 1988). As explained below, Bwell's counterclaims are only permissive, thus requiring dismissal.

This case is on all fours with *Williams v Long*, 558 F. Supp. 2d 601, 602-03 (D. Md. 2008), and *Carroll v. Dan Rainville & Associates, Inc.*, No. SAG-17-849, 2017 WL 4777706, at *1, *3 (D. Md. Oct. 23, 2017). In both of those cases, the plaintiffs sought relief under the FLSA and state wage and hour laws. *Carroll*, 2017 WL 4777706, at *1; *Williams*, 558 F. Supp. 2d at 602. Also, like in this case, the defendants filed counterclaims for breach of contract and other state law torts. *Carroll*, 2017 WL 4777706, at *1; *Williams*, 558 F. Supp. 2d at 602. In both cases, the Court applied the Fourth Circuit's four-factor standard for determining whether the counterclaims were permissive or compulsory:

> (1) Are the issues of fact and law raised in the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute the claim as well as the counterclaim? and (4) Is there any logical relationship between the claim and counterclaim?

*Painter*, 863 F.2d at 331. The *Painter* Court advised that the outcome of the four-factor test was determinative as to whether federal courts could exercise subject matter jurisdiction over a counterclaim, because, "If the counterclaim is compulsory, it is within the ancillary jurisdiction of the court to entertain and no independent basis of federal jurisdiction is required. If the counterclaim is permissive, however, it must have its own independent jurisdictional base." *Id.*

In both *Williams* and *Carroll*, this Court concluded that the state law counterclaims asserted by the defendants did not amount to compulsory counterclaims under the *Painter* test. *See Williams*, 558 F. Supp. 2d at 603-07; *Carroll*, 2017 WL 4777706, at *3-4. In *Williams,* the Court reasoned that while the plaintiffs' claims focused on their hours worked, the counterclaims focused on other issues. *See* 558 F. Supp. 2d at 604 ("The only issue that arises in both the claims and counterclaims is whether plaintiff Williams was an employee (as plaintiffs allege) or a joint venture partner (as defendant alleges). In every other respect, the claims and counterclaims differ in terms of the legal and factual issues they raise."). Similarly, in *Carroll,* this Court determined that the only connection between the plaintiff's claims and the defendants' counterclaims "is the employee-employer relationship." 2017 WL 4777706, at *3.

Like in those cases, the four *Painter* factors, when applied to the facts of this case, demonstrate the permissive nature of Bwell's counterclaims. The counterclaims present completely different issues of fact and law. Whether certain Bwell clients took their business elsewhere once Plaintiffs stopped providing care for Bwell, in violation of an alleged contract between the parties, has no relevance to the issue of whether Defendants paid Plaintiffs appropriate wages for their hours worked. *Res judicata* would not bar Bwell's subsequent suit on its state law counterclaims, because the counterclaims cannot be and will not be adjudicated to final judgment on their merits in this proceeding.[2] Finally, the evidence that will be used to support and defend Plaintiffs' claims will not be relevant to the questions presented in Bwell's counterclaims, and there is no logical relationship between the two sets of claims.

---

[2] In their Opposition, Defendants note that Bwell filed a lawsuit against Plaintiff Wright in Maryland state court in March, 2017, but that the suit was dismissed because Bwell filed the lawsuit without an attorney. *See* ECF 44-2, ¶¶ 11-12 (F. Kuti Decl.); *id.* at 5-8 (Ex. 1, 2, and 3 to F. Kuti Decl., showing the prior lawsuit). The Court's instant observations are not to be construed as opining as to whether Bwell's suit against Wright would be barred in state court under *res judicata*, or any other ground.

Bwell asserts that the common question linking the counterclaims to the underlying suit, is "if the Plaintiffs are employees or independent contractors," suggesting that a document entitled "Independent Contractor Agreement" resolves the issue. ECF 44 at 6; *see* ECF 39-1 (Ex. A & B to Bwell's Counterclaims). However, a worker's appropriate classification as an employee or independent contractor is not governed by any purported agreement between the parties. *Hall v. DIRECTV, LLC*, 846 F.3d 757, 774 (4th Cir. 2017). Instead, the Court looks to the "economic realities" of the parties' relationship. *Id.* (quoting *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006)). Therefore, even assuming that the "Independent Contractor Agreement" is a contract that the parties in this case agreed to, its existence does not resolve the question of the Defendants' liability under the FLSA, MWHL, or MWPCL. Moreover, courts routinely reject "the notion that the employer-employee relationship single-handedly creates a common nucleus of operative fact between the FLSA claim and peripheral state law claims." *Williams*, 558 F. Supp. 2d at 604 (citing cases and quoting *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465, 2008 WL 640733, at *3 (D. Kan. Mar. 6, 2008)).

Ultimately, then, there is no basis to reach a different result than that reached in *Williams* and *Carroll*, which applied the *Painter* test to nearly identical facts. Further, as this Court noted in *Carroll*,

> Concluding that [the defendant's] counterclaims fail to qualify as "compulsory" under Rule 13 also reflects the federal judiciary's "'hesitan[cy] to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused.'" *Ramirez v. Amazing Home Contractors, Inc.*, No. CIV. JKB-14-2168, 2014 WL 6845555, at *4 (D. Md. Nov. 25, 2014) (quoting *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010)). Permitting the employer in a FLSA action "'to try [its] private claims, real or imagined, against [its] employees would delay and even subvert the whole process.'" *Id.* (quoting *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983)); *see also Yassa v. EM Consulting Grp., Inc.*, No. CV JKB-17-593, 2017 WL 3414147, at *2 (D. Md. Aug. 9, 2017) ("To clutter these proceedings with the minutiae of other employer-

employee relationships would be antithetical to the purpose of the Act.") (quoting *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974)).

2017 WL 4777706, at *3. Accordingly, because Bwell's state law counterclaims are only permissive and otherwise fail to provide an independent basis for exercising jurisdiction, this Court lacks subject matter jurisdiction to adjudicate them, and they will be dismissed without prejudice.

**B.     Defendants' Affirmative Defenses**

Defendants list the following affirmative defenses in their Answer:

1. The Amended Complaint fails to state a claim upon which relief may be granted and should, therefore, be dismissed.
2. The Amended Complaint is barred by fraud and forgery.
3. The Amended Complaint is barred by the applicable Statute of Limitations.
4. The Amended Complaint is barred due to lack of capacity to sue or be sued.
5. The Amended Complaint should be dismissed for failure to add all proper parties or the appropriate parties.
6. The Amended Complaint should be dismissed for failure to add all indispensable parties.

ECF 39 at 6. Plaintiffs contend that the affirmative defenses do not comply with Federal Rules of Civil Procedure 8 and 9, because the defenses are "mere labels lacking in substance, thereby depriving Plaintiffs of fair notice of their factual basis." ECF 43-1 at 10.

There are several relevant rules to consider. Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Federal Rule 8(b)(1) requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." Finally, the Fourth Circuit has held that affirmative defenses sounding in fraud or mistake are subject to Federal Rule 9(b). *See Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 704-05 (4th Cir. 2018). That rule requires such allegations to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Initially, it is clear that Defendants' second Affirmative Defense, "barred by fraud and forgery," cannot, and does not, meet the heightened requirement of Federal Rule 9(b). The conclusorily alleged defense does not include any factual circumstances at all, and thus did not state any such circumstances "with particularity." As to the other five affirmative defenses, Plaintiffs argue that they fail to meet the pleading requirements set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-84 (2009). ECF 43-1 at 10-11.

*Twombly* and *Iqbal* provide the level of specificity required for a plaintiff to meet Rule 8(a)(2)'s requirement that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555 (factual allegations must be more than "labels or conclusions," and "must be enough to raise a right to relief above the speculative level"); *Iqbal*, 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

To this Court's knowledge, neither the Supreme Court nor the Fourth Circuit has decided whether *Twombly* or *Iqbal* applies to affirmative defenses. *See Bakery & Confectionary Union*, 888 F.3d at 700 n.5 (noting that the question "continues to divide courts," but ultimately declining to resolve it). District Court judges in this District have reached different conclusions. *See Alston v. Transunion*, Civil No. GJH-16-491, 2017 WL 464369, at *2 (D. Md. Feb. 1, 2017) (comparing *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 595 (D. Md. 2013), with *Aguilar v. City Lights of China Rest., Inc.*, Civil No. DKC-11-2416, 2011 WL 5118325, at *4 (D. Md. Oct. 24, 2011)). At least two judges in this District have declined to apply the heightened pleading standard to affirmative defenses because of the "unfairness of holding defendants to as stringent a standard as plaintiffs, who have significantly more time to draft their

complaint." *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 387-88 (D. Md. 2014); *Lockheed Martin Corp.*, 973 F. Supp. 2d at 594. However, this Court, along with the majority of judges in this District, has held that the heightened *Twombly-Iqbal* pleading standard applies to affirmative defenses, because "it would be incongruous and unfair to require a plaintiff to operate under one standard and to permit the defendant to operate under a different, less stringent standard." *Ultimate Outdoor Movies v. FunFlicks, LLC*, No. SAG-18-2315, 2019 WL 3323221, at *2 (D. Md. July 24, 2019) (quoting *Topline Sols., Inc. v. Sandler Sys., Inc.*, Civil No. ELH-09-3102, 2010 WL 2998836, at *1 (D. Md. July 27, 2010)); *see also Topline Sols., Inc. v. Sandler Sys., Inc.*, Civil No. ELH-09-3102, 2017 WL 1862445, at *38-39 (D. Md. May 8, 2017) (collecting cases where the judges in this District applied the heightened pleading standard to affirmative defenses); *Blind Indus. & Servs. of Md. v. Route 40 Paintball Park*, Civil No. WMN-11-3562, 2012 WL 2946688, at *3 (D. Md. July 17, 2012). Despite Defendants' arguments to the contrary, *see* ECF 44 at 10-23, this Court will continue to adhere to its view that the *Twombly-Iqbal* standard applies to the pleading of affirmative defenses.

Applying that heightened standard, Defendants' affirmative defenses here do not meet it, because they are mere "labels or conclusions." *Twombly*, 550 U.S. at 555. They do not contain any factual support whatsoever that would "ensure that [Plaintiffs] receive[] fair notice of the factual basis" for the assertion of each affirmative defense. *Haley Paint Co. v. E.I. Du Pont de Nemours & Co.*, 279 F.R.D. 331, 336 (D. Md. 2012) (citation omitted). The *Twombly-Iqbal* pleading standard requires, "[a]t a minimum," a statement the facts underlying the defense, such that those facts, and the reasonable inferences therefrom, "plausibly suggest a cognizable defense available to the defendant." *Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc.*, No. ELH–10–2091, 2011 WL 631145, at *15 (D. Md. Feb. 11, 2011) (citation omitted).

Despite this deficiency, Defendants will be afforded one final opportunity to amend their (already belated) answer to eliminate their counterclaims, and to incorporate any affirmative defenses that can be supported adequately under the *Twombly-Iqbal* standard. The amended answer must be filed on or before April 15, 2020.[3]

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Dismiss Counterclaims and Strike Affirmative Defenses, ECF 43, will be GRANTED. A separate Order follows.


Dated: March 18, 2020 /s/
Stephanie A. Gallagher
United States District Judge

---

[3] The Court initially would have only granted Defendants two weeks to refile, but given this Court's recent Standing Order regarding the COVID-19 pandemic, the Court is preemptively adding an additional two weeks. *See* Second Am. Standing Order 2020-03, *In re Court Operations under the Exigent Circumstances Created by COVID-19*, Misc. No. 00-308 (D. Md. Mar. 14, 2020), https://www.mdd.uscourts.gov/sites/mdd/files/2020-03%20Second%20Amended.pdf.